### OLD NAT. LIFE INS. CO. v. GUEST et al.

#### No. 5938.

Court of Civil Appeals of Texas. Texarkana.

June 3, 1942.

Rehearing Denied June 11, 1942.

242

Cole, Patterson & Cole, of Houston,. Barney A. Garrett, of Waco, and E. L. Myers, of Paris, for appellant.

Moore & Moore, of Paris, for appellees.

JOHNSON, Chief Justice.

This is an action of trespass to try title to two lots or tracts of land, 30 x 90 and 90 x 100 feet, respectively, in the city of Paris, Lamar County, Texas, filed September 28, 1940, by Modern Mutual Health & Accident Insurance Company against Atlanta L. Guest and husband, Geo. M. Guest. After filing the petition plaintiff by amendment of its charter changed its corporate name to Old National Life Insurance Company and was by leave of the court permitted to prosecute the suit under that name. Plaintiff pleaded its title specially, the title pleaded is an equitable one in the nature of a secret express trust sought to be impressed upon the land by reason of certain alleged facts which, in substance, are as follows: That District Grand Lodge No. 25, Grand United Order of Odd Fellows of Texas, was a fraternal benefit society organized and operated under the laws of the State of Texas; that its constitution and by-laws provided that all property owned or acquired by its subordinate lodges should be held in trust for said District Grand Lodge and upon demise of any such subordinate lodge, title to such property should pass to and vest in said District Grand Lodge; that True Friend Lodge No. 2159, Grand United Order of Odd Fellows, at Paris, Texas, was a subordinate lodge of said District Grand Lodge; that by reason of such facts, and the terms and provisions of the constitution and by-laws of said District Grand Lodge, all property, including the land in controversy acquired by said True Friend Lodge, was held by it in trust for said District Grand Lodge; that True Friend Lodge had breached its trust by becoming "defunct, dissolved and demised" whereby all rights, title and interest in said property passed to and vested in said District Grand Lodge; that thereafterwards said District Grand Lodge transferred all its property of every kind and character to District Endowment & Burial Department of Grand United Order of Odd Fellows and Ruthites in Texas, and thereupon the said District Endowment & Burial Department of Grand United Order of Odd Fellows and Ruthites in Texas (a corporation) transferred all its assets to. plaintiff; the prayer is for title and possession of the land, and for damages. No specific equitable relief is prayed for against the defendants.

Defendants answered by general demurrer, general denial and plea of not guilty; and in behalf of the defendant Atlanta L. Guest, pleaded the 3, 5 and 10 years' statutes of limitation in bar of plaintiff's suit; they also pleaded a cross action in trespass to try title to the land in behalf of Atlanta L. Guest and alleged title in her under the 3, 5 and 10 years' statutes of limitation.

Upon trial of the case before the court without a jury the following facts were shown: It was agreed that Henry Donaldson and Fannie V. Bailey and the heirs (naming them) of E. W. Bailey, deceased, constituted the common source of title; and that said common source held a regular chain of title by mesne conveyances and patent from the State of Texas. Plaintiff introduced: a deed from Henry Donaldson dated April 9, 1884, duly recorded, conveying the lot 30 x 90 feet to Solomon Clements and Greene Bennett, as trustees of said True Friend Lodge; a deed dated December 1, 1927, duly recorded, from Fannie E. Bailey and the heirs of E. W. Bailey, deceased, conveying the lot 90 x 100 feet to C. S. Scales, C. B. Martin and Geo. M. Guest as trustees of said True Friend Lodge; an unrecorded instrument dated June 7, 1939, purporting to convey all property of every kind and character belonging to said District Grand Lodge to said District Endowment & Burial Department, Grand United Order of Odd Fellows and Ruthites in Texas; an unrecorded instrument dated July 15, 1939, purporting to convey all the property of every kind and character belonging to said last named corporation to plaintiff; testimony tending to show that said District Grand Lodge was an unincorporated fraternal benefit society organized in Texas "somewhere in the 90's" and that by the terms and provisions of its constitution and by-laws as amended and adopted in 1917, all property owned, acquired by or held in the name of its subordinate lodges should be held in trust for said District Grand Lodge, and upon the demise of any such subordinate lodge "then the fee to all and whatsoever property held in the name of such subordinate lodge or its officers shall vest absolutely in the District Grand Lodge."

A copy of said constitution and by-laws was introduced in evidence, the pertinent sections of which are the same as set forth in District Grand Lodge No. 25 Grand United Order of Odd Fellows v. Jones et al., Tex.Com.App., 160 S.W.2d 915. In support of its contention that True Friend Lodge was a subordinate lodge of said District Grand Lodge, and therefore bound and controlled by its constitution and by-laws, plaintiff introduced testimony to the effect that True Friend Lodge had sent delegates to meetings of said District Grand Lodge, and had made reports to it; that on one occasion, in 1932 or 1933, the Grand Master of said District Grand Lodge visited True Friend Lodge and presided at a meeting of that Lodge; and that the members of True Friend Lodge carried insurance with District Endowment & Burial Department, Grand United Order of Odd Fellows and Ruthites in Texas.

Defendants in support of their contention that True Friend Lodge was not a subordinate lodge of, and was not operating under nor controlled by the constitution and by-laws of said District Grand Lodge, introduced the charter of True Friend Lodge issued by the Grand United Order of Odd Fellows (Friendly Society) of England, acting through its "Sub-Committee of Management in America at Philadelphia," dated October 27, 1880, and renewed February 15, 1921; testimony to the effect that continuously since it was organized and chartered in 1880, True Friend Lodge has carried on its lodge work under the laws of and made its reports to its said parent body, a copy of which laws was introduced in evidence; that True Friend Lodge did not demise or in any way become defunct until sometime after the month of February, 1937; that True Friend Lodge had never been furnished a copy of and had never subscribed to or operated under the constitution and by-laws of said District Grand Lodge. Defendants introduced the following record title: The two deeds heretofore mentioned from the agreed common source to True Friend Lodge; a resolution adopted by the members of True Friend Lodge September 15, 1936, authorizing and directing its trustees, S. C. Scales, Geo. M. Guest, and Dallas Hanson, to convey said two tracts of land to Atlanta L. Guest for $1,300; a general warranty deed dated October 7, 1936, duly recorded, from S. C. Scales, Geo. M. Guest and Dallas Hanson as trustees of said True Friend Lodge to Atlanta L. Guest, in consideration of $1,300 paid by her "out of her separate funds" and conveying the land to her as her

"separate property;" testimony that Atlanta L. Guest immediately went into possession of said land and has since continuously occupied and claimed same adversely, for a period of more than three years prior to the filing of this suit.

Judgment was entered that plaintiff take nothing by reason of its suit; and that defendant Atlanta L. Guest recover of plaintiff title and possession of the land on her cross action. Plaintiff has appealed.

Appellant's assignments of error make the contention in substance that it had established the alleged trust in the land in favor of its predecessor in title. District Grand Lodge No. 25, under and by virtue of the constitution and by-laws of said District Grand Lodge; by reason of which the court erred in not rendering judgment in its favor and in rendering judgment in favor of appellee Atlanta L. Guest.

■ Appellant did not request the District Court to file findings of fact and conclusions of law, and none appear in the record; so it must be presumed that the trial court made all findings favorable to the judgment which would have support in the evidence, and the judgment should be affirmed if it is properly supported by any reasonable grounds presented in the record. City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038; Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S.W.2d 1042.

Appellees have pointed out a number of grounds, which we think are sound, wherein appellant failed in pleadings and proof to make out its case, by reason of which the judgment of the trial court should be affirmed. It will not be necessary to discuss but one of such grounds.

■ Should it be conceded that appellant has conclusively shown that True Friend Lodge was a subordinate lodge of said District Grand Lodge, then, in virtue of the constitution and by-laws of said District Grand Lodge, an unrecorded express trust was created in or impressed upon said land in favor of said District Grand Lodge as against True Friend Lodge and its members. District Grand Lodge No. 25 Grand United Order of Odd Fellows v. Jones et al., supra. But in this suit against Atlanta L. Guest, who holds the legal title as a subsequent purchaser from the record owners, appellant seeks to establish an equitable title or interest claimed to have been acquired through, under and in virtue of said unrecorded trust, without either alleging or attempting to prove that said Atlanta L. Guest was not an innocent purchaser, for value and without notice. It is the well-established rule in Texas that the cestui que trust, or claimant of an equitable title, as against a subsequent purchaser of the legal title, assumes the burden of showing that the latter was not an innocent purchaser. Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 620, 154 S.W. 973; Commonwealth Bldg. & Loan Ass'n v. Howard, Tex.Civ.App., 61 S.W.2d 546, affirmed 127 Tex. 365, 94 S.W.2d 144; Ratcliffe v. Mahres, Tex.Civ.App., 122 S.W.2d 718, writ refused; 43 T.J. 689, § 406; 42 T.J. 727, § 112; 4 Bogert, Trusts and Trustees, § 882, p. 2554 et seq.; 66 C.J. 1199, § 1063.

The judgment of the trial court will be affirmed.