## DISTRICT GRAND LODGE NO. 25, GRAND UNITED ORDER OF ODD FELLOWS OF TEXAS v. LOGAN.

No. 14591.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1943.

Motion for Rehearing Granted Jan. 21, 1944. Rehearing Denied Feb. 18, 1944.

Fred H. Minor, of Denton, and Barney A. Garrett, of Waco, for appellant.

W. C. Boyd, of Denton, for appellee.

McDONALD, Chief Justice.

This suit involves a parcel of real estate once used as a lodge hall by the local colored Odd Fellows Lodge in the city of Denton. For history and description of the state organization and the applicable provisions of its constitution and by-laws, we refer to the opinions in the cases herein cited.

The local lodge ceased to make reports or pay dues to the state organization, which we shall refer to as Grand Lodge, in the year 1936. On February 18, 1937, the trustees of the local lodge, pursuant to resolution adopted by its members, executed a deed purporting to convey the real estate in question to Arthur Logan, one of the members of the lodge.

Briefly, the Grand Lodge contends that the local lodge held title to the property, so long as the lodge remained active, as trustee for the Grand Lodge, and for the use and benefit of the local lodge, and that when the local lodge became defunct in 1936, the full title to the property then became vested in the Grand Lodge. Arthur Logan, the appellee, claims under the three year statute of limitations, Arts. 5507, 5508, Revised Civil Statutes, and also claims that he is an innocent purchaser for value without notice of Grand Lodge's unrecorded claim to the property.

Grand Lodge brought the suit, its petition containing a count in the usual form of trespass to try title, and counts setting up the three, five and ten year statutes of limitations. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510. The trial court, without a jury, rendered judgment that plaintiff take nothing by its suit. He filed separate findings of fact and conclusions of law, the single conclusion of law being to the effect that plaintiff, who claims under an unrecorded trust and an unrecorded deed, cannot recover from defendant, who holds under regular chain of title from the common source, without alleging and proving that defendant was not an innocent purchaser for value without notice. Grand Lodge appeals. Its points of error are sufficient to raise the issues which we shall discuss.

We first notice the contention of appellee Logan that he is entitled to recover under his plea of the three year statute of limitation. The contention cannot be sustained. Under the holding in District Grand Lodge v. Jones, 138 Tex. 537, 160 S.W.2d 915, the Grand Lodge held at least the equitable title to this property at the time of the conveyance to Jones. A deed from one who has the bare legal title, without authority to convey, where the beneficial ownership is in some

one else, is not a sufficient link in the chain of title to bring the case under the three year statute. Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139.

The deed to the local lodge, under which both parties claim, names the local lodge as the grantee. No question is raised concerning the fact that the local lodge was an unincorporated institution. It must be held, under District Grand Lodge v. Jones, supra, that the local lodge, while it was active, held the title only as trustee. It is not clear from the opinion in the case just cited whether the Supreme Court considered that the legal title became vested in the Grand Lodge, or whether it remained in the local lodge or its trustees, after the local lodge became defunct. Appellee argues that the legal title was in the local lodge, and that he purchased from the apparent owner of the land without notice of the undisclosed interest of the Grand Lodge. The Grand Lodge contends that Logan was chargeable with notice of the rights of the Grand Lodge because Logan himself was a member of the order. We are inclined to agree with the view taken by appellant. The testimony is rather scant concerning the matter, but it would appear that the few remaining members of the local lodge, after the Grand Lodge had failed to pay certain benefits due the beneficiaries of deceased members, and after the local lodge had possibly become inactive, and after it had ceased to pay dues and to make reports to the Grand Lodge, held a meeting and decided to ascertain whether some member of the lodge would take over the property in question and pay the considerable amount of taxes then accrued. Logan agreed to do so, the deed was made to him, and he did pay the taxes, amounting to more than three hundred dollars.

In District Grand Lodge v. Jones [138 Tex. 537, 160 S.W.2d 921], it is said:

"Moreover, every individual joining a fraternal order referred to in the statute and charged with notice of the principle therein stated must be regarded as having impliedly contracted with his fellow members and the local and grand lodge that whatever he contributes to property acquired by the local lodge will, upon demise of that body, become vested in the grand lodge."

It seems to us that the rule stated is applicable in the case before us. It was Logan's obligation at least not to participate in a transaction which would defeat the rules of the Grand Lodge. It seems to us that the law would impute to Logan a knowledge of the rules of the order. He received a deed from an unincorporated association which he is bound to have known was a part of the larger organization. He is bound to have known as a member of the local lodge that it was subordinate to and subject to the laws of the Grand Lodge. Inquiry concerning the laws of the Grand Lodge would have revealed to him that the local lodge had no authority to convey the property to him.

We have studied the opinion in Old National Life Insurance Co. v. Guest, Tex. Civ.App., 163 S.W.2d 241, writ of error refused for want of merit. We do not consider the opinion controlling here for two reasons. First, it does not appear that the purchaser in that case was a member of the lodge. Second, it does not appear that the Supreme Court approved the reason given by the Court of Civil Appeals for its decision. The opinion of the latter court states that the judgment of the trial court was subject to affirmance upon grounds other than that relied on by the Court of Civil Appeals.

We consider that plaintiff's pleading, in trespass to try title, was sufficient to put in issue the matters just discussed.

We do not feel that the record before us is sufficient to enable us to pass upon appellee's right to reimbursement for taxes paid. Attention of the parties upon another trial is directed to the statements made and the authorities cited in 40 Tex. Jur., beginning at page 210.

The judgment of the trial court is reversed, and the cause is remanded for another trial, not inconsistent with the views expressed in this opinion.

On Motion for Rehearing

Appellant moves for a rehearing, contending as we shall note.

Under the first and second assignments of error contained in the motion for rehearing, it is contended that we should here render judgment in favor of appellant for the title and possession of the property in dispute, and for the agreed rental value of $7.50 per month, and that we should sever the issue of appellee's right to reimbursement for taxes paid by him on the property, and remand for trial upon that issue only. In view of the de-

cision we have reached, we shall not follow the procedure suggested.

■ Under the third assignment of error appellant urges that appellee's claim of title was not made in good faith and was based on a void deed, that his payment of taxes was that of a mere volunteer, and that he is not entitled to be reimbursed therefor. After carefully considering this contention, we adhere to the view expressed in our original opinion to the effect that the record before us is insufficient to enable us to pass upon appellee's right to reimbursement for such taxes. We have no finding of the trial court in such respect, since the trial court awarded the land itself to appellee. We would feel justified in rendering judgment against appellee on his claim for the taxes paid only in the event the record showed conclusively that he was not entitled to recover therefor.

The motion for rehearing, in addition to the contentions mentioned above, contains a paragraph styled and reading as follows:

"Conditional Remittitur.

"The Appellant, as a condition of having the judgment in its favor reversed and rendered and to avoid a remand of the cause or any issue for a new trial, and conditioned that Appellant be allowed judgment for its rents, and in the event that the Court of Civil Appeals is still of the opinion that Appellee may be entitled to reimbursement for his taxes paid, Appellant offers to agree that the amount of taxes paid as shown by his deed be allowed as an off-set against Appellant's rents."

The amount of taxes shown by the deed is $345.31. Appellee alleged that he had paid $60 in taxes since the date of the deed, but did not offer proof in support of the allegation. The parties stipulated in the trial court that the average rental value of the property was $7.50 per month.

■ In view of what was said in our original opinion, in view of what we have said in this opinion, and in view of the remittitur offered, our judgment heretofore rendered is set aside, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant for the title and possession of the property, and for damages figured at $7.50 per month since the date of the deed to appellee, offset by the amount of taxes shown in said deed.

Both parties are granted leave to file motion for rehearing within fifteen days after this date.