**RAILWAY EXPRESS AGENCY, INC.,**
Appellant,

v.

**F. A. BENNETT, Appellee.**

No. 13814.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 13, 1961.

Rehearing Denied Oct. 18, 1961.

Wm. H. Russell, Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellant.

Dan C. Crow, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by F. A. Bennett against Railway Express Agency, Inc., to recover the value of a footlocker containing clothes alleged to be of the value of $695.55, which was lost by the defendant from a shipment of three packages being sent from San Antonio, Texas, to Oxnard,

California. The trial was to the court without the intervention of a jury and resulted in judgment in favor of plaintiff in the sum of $615.25, from which judgment Railway Express Agency, Inc., has prosecuted this appeal.

No findings of fact or conclusions of law were requested or filed. The appellant presents the following point of error:

"The court erred in rendering judgment for appellee for $615.25, because the only evidence before the court as to value was the market value of secondhand clothes, the only one new item being a dress which cost $39.75, and market value is not the correct measure of damage for secondhand clothes, and there is no competent evidence of the contents of the box."

The evidence shows that on or about July 9, 1958, appellee sent to his daughter, Joan Fisher, and his son-in-law, Joe Bob Fisher, three parcels, two cardboard cartons and one large footlocker, addressed to them at 133 Oxnard Avenue, Oxnard, California. The two cartons were received, but the footlocker was lost and never delivered to the Fishers.

■ On August 26, 1958, appellee furnished appellant a list of all the articles of clothing that were in the lost footlocker. On November 8, 1959, Mr. and Mrs. Fisher assigned to appellee any claim they had in the merchandise contained in the footlocker, and thereafter appellee instituted this suit. He testified that the list furnished appellant was a correct list of the merchandise contained in the footlocker; that he and his wife packed the locker. Mrs. Fisher testified that she packed the locker before she left San Antonio and her mother and father simply repacked it before it was sent. Appellee was asked, "Of your own, personal knowledge, were those items in the foot locker that was missing?" to which he answered, "Well, I would say to the best of my knowledge and belief they were in there. That's about as

best as I can do, because I packed most of this stuff myself before it was shipped. * * * I am testifying to the best of my knowledge and belief of what was in there in 1958; * * *." The fact that appellee limited his testimony as being to the best of his knowledge and belief could go only to the weight to be given such testimony. The trial court saw fit to give weight to his testimony and render judgment in appellee's favor.

Milton Bennett, brother of appellee, qualified as knowing the cost price of the goods in San Antonio, and testified as to the cost price of the clothing. He admitted that clothing once worn would depreciate in value. Mrs. Fisher testified that the goods would have been worth more to her than the amount alleged, $695.55. This included her husband's clothes that were in the locker.

■ The measure of damages for the loss of wearing apparel is the reasonable value of the same to the owner thereof. In 11 Tex.Jur.2d, p. 297, § 517, we find the following:

"Used goods are ordinarily regarded as having no fixed or recognized market value. The ordinary measure of damages for the loss of secondhand goods is their actual or reasonable value to the owner, that is, the actual loss in money the owner would sustain by being deprived of articles so specially adapted to the use of himself and his family. The measure is not any fanciful price he might place on the articles and is not the price at which they could be sold."

■ There was some evidence to support the finding of the trial court that the locker and its contents were of the value of $615.25.

■ Where a cause is tried before the court without a jury and no findings of fact or conclusions of law are requested or made, as was the case here, on appeal,

this Court will assume that the trial court's implied findings support its judgment, and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. Gomez v. Riddle, Tex.Civ.App., 334 S.W. 2d 197; Jones v. Alvin State Bank, Tex. Civ.App., 332 S.W.2d 124; Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100.

Appellant's point of error is overruled and the judgment affirmed.