Jack TREGELLAS, Appellant,

v.

JAKE'S CASING CREWS, INC., Appellee.

No. 7325.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1964.

Rehearing Denied March 16, 1964.

Lemon, Close & Atkinson, Perryton, for appellant.

Linn & Helms, Spearman, for appellee.

CHAPMAN, Justice.

This is an appeal from what the parties have referred to in their briefs and the court's judgment calls a summary judgment.

Suit was filed by Jake's Casing Crews, Inc. against Jack Tregellas for recovery of a set of trailer mounted tongs and motor and for damages. A writ of sequestration was issued causing the property to be held by the sheriff of Ochiltree County. Upon a trial before the court judgment was rendered for plaintiff below that it recover the equipment sued for and for costs of court.

Though motions for summary judgment were made by all parties, we have in the record a Q. and A. statement of facts just as in any other case tried before a fact-finding body. The record shows the case came on for trial before the court on one of the days of the regular December term. The defendant was called to the stand by the plaintiff and questioned as in any other trial before the court. Then the president of the plaintiff company was called to the witness stand, questioned and cross-examined for twenty-two pages in the statement of facts and then a third witness called and examined. Counsel for plaintiff-appellee then announced to the court that was all the evidence he had to offer other than the depositions of the parties. Each of the parties then rested and each in turn closed.

The statement of facts closes with the statement: "Pursuant to above and fore-

going stipulation, and pursuant to agreement of counsel, original depositions of the parties accompany this statement of facts." A careful search of the record before this court has produced no depositions but only a Q. and A. statement of facts of the testimony introduced before the court and the exhibits introduced during the interrogation of the witnesses.

■ Under this state of the record we are unable to see how this case may properly be considered an appeal from a summary judgment, with the burden of proof rules that must be borne by the beneficiary of a judgment summarily rendered. The judgment was not summarily rendered, but only after the testimony of three witnesses, examined and cross-examined.

Section (a) of Article 166–A of Texas Rules of Civil Procedure provides in part as follows:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

Section (b) of the rule provides:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Section (c) provides in part as follows:

"The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the *pleadings, depositions, and admissions on file, together with the affidavits, if any,* show that, except

as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (All emphases shown herein are ours.)

■ Our Supreme Court in discussing Rule 166–A, Texas Rules of Civil Procedure,[1] our summary judgment rule, has spelled out the component parts constituting the record of a summary judgment proceeding as follows:

"The record of a summary judgment proceedings then consists of *the pleading* whose office it is to outline the claims and defenses of the respective parties, *the depositions and admissions on file and affidavits submitted either in support of or opposing the motion.*"

In the instant case we have neither admissions, affidavits nor depositions but only the pleadings and oral testimony of the witnesses as in any other case submitted upon a trial to the court without a jury. Therefore, calling the judgment a summary judgment would not make it one because it was not summarily rendered. It shows on its face not to have been rendered on the pleadings alone. It states it was rendered on " * * * pleadings on file, the affidavits and depositions as well as testimony," yet, we have no affidavits or depositions. Because there are no affidavits or depositions, we must then look to the pleadings and testimony, as in any other case submitted to the court without a jury.

■ Where, in a case submitted to the court without a jury no findings of facts or conclusions of law are requested, we, as the reviewing court, must test the validity of the judgment on the assumption that the trial court found every disputed fact in such a way as to support the judgment. Construction and General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Old Nat. Life Ins. Co. v. Guest, Tex. Civ.App., 163 S.W.2d 241 (error refused);

1. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557.

Gray v. Moore, Tex.Civ.App., 172 S.W.2d 746 (error refused); Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The only point raised by appellant is that the trial court erred in granting " * * * the plaintiff's motion for summary judgment because there is a genuine issue of fact as to whether title passed from the plaintiff-appellee to Garber." Thus, appellant admits there is a genuine fact issue as to whether title passed from appellee to Garber.

The president of appellee company, Mr. Jake Carter, testified in effect that he first rented the property to Mr. Garber for $25 per day for the days he used it; that he later accepted a check for the property; that in the event the check cleared the bank he was to give a bill of sale to Garber; that he gave him an instrument in order that he could buy tags, which the machinery must have in Texas; and that the bill of sale was never given because the check was returned because of insufficient funds.

On March 17, 1962, a rental agreement on the machinery was made between appellee and Garber.

On March 30 Garber gave Mr. Carter his check for $50 for two days rent.

On April 19 appellant Tregellas discussed the purchase of the property with Garber and on the next day gave him his $2,000 check as down payment.

On April 23, 1962, appellant purchased the machinery from Garber, who produced a purported bill of sale from one by the name of Roy Whit.

On April 28, 1962, Garber gave appellee company a check for $5,450 for the machinery, which check was returned on May 9, 1962, unpaid for "insufficient funds."

On May 11, 1962, the machinery was returned to appellee's place of business, where it stayed until May 26, 1962.

On May 26, 1962, appellee rented the machinery to Carl Birkle for four days for $100 and Mr. Carter testified he never saw it again until he found it in Mr. Tregellas' yard south of town.

On June 7, 1962, Garber gave Mr. Carter back the instrument introduced in the record as plaintiff's exhibit three, which is as follows:

"TO WHOM IT MAY CONCERN

I, Jake Carter, president of Jake's Casing Crews, Inc. sells and assigns the following equipment to Jack F. Garber in the amount of $10.00 and other due consideration.

| | |
|---|---|
| One (1) set of Tubing Tongs | Serial # 3882 (with 1–2 3/8 and 1–2 7/8 jaws) |
| One (1) Trailer | Serial # 422CW |
| One (1) Waukesha Motor | Serial # 1085410 |

/s/ Jake Carter
/s/ Jack F. Garber

STATE OF KANSAS
COUNTY OF SEWARD

Before me appeared Jake Carter and Jack F. Garber this 28th day of April, 1962.

/s/ E. Singhisen
Notary

/Seal/
My commission expires March 24, 1965."

The instrument showing a consideration of $10 and other *due* considerations signed by both parties, taken together with the testimony of Mr. Carter, was sufficient to show the title never passed from appellee company to Garber. Additionally, Garber's purported sale to appellant was on April 23, 1962, five days before he made the purported purchase from appellee. Article 1429, Vernon's Texas Penal Code, provides:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft. * * *"

■ Under the quoted statute we believe Garber was guilty of theft by bailee in selling the property while he had it under bailment. Therefore, Tregellas had no better title than that of a thief, which would not give him any title. McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144.

Even, arguendo only, we should be in error in placing the burden of proof, there still was not any genuine issue of fact in the case. Therefore, even if the judgment could be called a summary judgment, with every intendment resolved against it, it still was properly granted.

Accordingly, the judgment of the trial court is in all things affirmed.

## ON MOTION FOR REHEARING

Since the foregoing opinion was announced on February 17, 1964, appellant has requested leave of this court to file the depositions referred to in our opinion, giving as his reason therefor that they had not been included because of oversight. We believe under Rule 428 V.A.T.R. the granting of the request is discretionary with us and the depositions have been accepted as part of the record.

We still adhere to our original holding that at the time our opinion was announced the case could not have had the status of a summary judgment appeal because it was appealed to us from a Q. and A. Statement of Facts only with examination and cross-examination of the witnesses placed on the witness stand as in any other trial before the court. One of the purposes of the summary judgment rule is to save the time of such trials.

With the depositions before us [summary judgment components] we have now studied the case from the standpoint of a summary judgment appeal with every intendment resolved against the judgment rendered. We still hold to the belief, as in our original opinion, that no fact issue was raised in the record. It is without question that the third party, Garber, made the attempted sale of the equipment to Tregellas at a time when it was under bailment to him. Under the authorities cited in our original opinion, he was guilty of theft in disposing of it and Tregellas therefore acquired no better title than the thief had, which was no title. Additionally, the deposition of Mr. Carter is without contradiction that the instrument he gave Garber in the form of a bill of sale was only for the purpose of making it possible for him to purchase license tags for the machinery and that the bill of sale was to be made only after the check cleared. There is no deposition or affidavit statement from Garber or any other summary judgment evidence contrary to such stated intention.

Appellant urges Valley Stockyards Company v. Kinsel, Tex., 369 S.W.2d 19, as authority for his contention that a fact issue was raised in the record here. That case is so completely different on the facts to the record made in our case that we do not consider it furnishes any authority for the questions here.

Accordingly, the judgment of the trial court is in all things affirmed.