**Bahiyyih CORNELL, a feme sole, Appellant,**

v.

**John B. CORNELL, Appellee.**

**No. 5781.**

Court of Civil Appeals of Texas.

El Paso.

April 6, 1966.

Rehearing Denied May 4, 1966.

Jack T. Niland, El Paso, for appellant.

Talley, Gade & Schwarzbach, El Paso, for appellee.

CLAYTON, Justice.

This is an appeal from a declaratory judgment of the Forty-first District Court of El Paso County, Texas interpreting an agreement between appellant and appellee who were formerly husband and wife. Appellee filed suit for divorce from appellant in the Forty-first District Court of El Paso County in cause No. 82,842 on the docket

of said court. On December 20, 1955 a decree was entered by said court granting appellee a divorce and custody of the minor child of the parties, providing for the support of said child during the visitation period granted to appellant, to have said child during six weeks of the summer-time, and reciting:

"The Court finds that the parties herein have entered into a property settlement agreement which is filed with the papers herein, and which property settlement agreement is approved in all respects insofar as this Court has jurisdiction and power to so approve."

The "property settlement agreement" referred to by the court provides, in paragraph V thereof:

"Plaintiff [appellee here] shall pay to Defendant the following sums: (a) The sum of $150.00 per month for the first six months from the date of the entry of the Divorce Decree; (b) The sum of $100.00 per month for the second six months from the date of said Decree, and; (c) The sum of $75.00 per month thereafter until Defendant shall have remarried or be eligible for social security benefits."

There was deleted from said paragraph V of this agreement the wording: "In lieu of further participation on the part of Defendant in the community property of the parties", which wording had appeared just prior to the portion quoted above.

The parties subsequently moved about and later were both residents of Monterey County, California. There, in June of 1958, a suit was filed by appellant Mrs. Cornell against appellee in the municipal court for past due payments under the said "property settlement agreement" which resulted in a judgment against the latter in the amount of $3,425.00. In connection with the judgment there appears a "Memorandum Decision" in which the court finds that the intent of the parties in entering into the "property settlement" was "to settle and divide the community property and not to provide for permanent alimony contrary to Texas law." This judgment was appealed to the Superior Court of the State of California, and was by that court affirmed. Subsequently that judgment was paid in full. In an "Addendum Decision" of the Superior Court, dated one day after the date of the decision, the court stated: "our decision on this appeal is not the 'law of the case', not *res judicata* in any future litigation as to a defense of merger of agreement in a prior divorce action".

Subsequently, on August 7, 1964, the instant suit was filed. In his petition plaintiff prayed for judgment establishing that paragraph V of the Property Settlement Agreement was a contract to pay alimony, and as such is contrary to the public policy of the State of Texas and therefore is void and unenforceable. The defendant filed her motion to quash citation which had been served upon her in El Paso, Texas for the reason that she was fraudulently induced to enter the State of Texas solely for the purpose of being served with process in the cause; and that, but for plaintiff's fraudulent misconduct, she would not have been in the State of Texas where process was served upon her, on August 11, 1964, the date of service. In support of this motion defendant testified by deposition that about ten days or two weeks before coming to El Paso she was telephoned by her former mother-in-law, a Mrs. Rinde, who suggested to her that since the defendant's son had not been with her during the summer, perhaps the defendant would like to accompany the son, the mother-in-law and plaintiff on a trip to Disneyland in California. Defendant asserted that she agreed, and was picked up in California by plaintiff in his car with plaintiff driving, but instead of going to Disneyland, they drove to Flagstaff, Arizona, where they stayed for a while, and then to Gallup, New Mexico and ultimately to El Paso, Texas, the purpose being to allow the mother-in-law and son to see El Paso, where the son had been born. They spent a few days in El Paso and also visited in Mexico, and when they started back to California, plaintiff assertedly asked defendant to pick up some

copies of the son's birth certificate in the City-County Building in El Paso, and when she went in the building to do so, she was served with process by a constable. A general denial was also filed, subject to the motion to quash citation.

 The motion to quash was overruled by the court, but no findings of fact or conclusions of law were requested or filed, so we are required to test the validity of the court's action on the assumption that the trial court found every disputed fact in such a way as to support the judgment. Tregellas v. Jake's Casing Crews, Inc., 376 S.W.2d 792, 794 (Tex.Civ.App., 1964; ref., n. r. e.), citing cases. And to indulge every reasonable inference in favor of the judgment, Lambert Corporation v. Martin, 369 S.W.2d 703, 704 (Tex.Civ.App., 1963, err. dism.). And to affirm if there is any evidence of probative force to support the judgment upon any theory authorized by law. Railway Express Agency, Inc. v. Bennett, 350 S.W.2d 214, 215–216 (Tex.Civ. App., 1961, n. w. h.). Appellant's first point of error, complaining of the court's action, is overruled.

In the second point of error, appellant complains of the failure of the trial court to hold that the California judgment involving the validity of the property settlement was *res judicata* of all matters herein involved.

 The cause of action in which the California judgment was entered was a suit for "back payments" and the judgment was for payment by appellee of a sum of money. The present action, although between the same parties, is for a declaratory judgment. There is sufficient difference between the causes of action and relief sought in the two cases to prevent the one from being a bar to the second. 34 Tex.Jur.2d 546, § 492, recites: "It is established that in order for a judgment in one suit to bar the bringing of a subsequent one, there must be identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and

identity of quality in the persons or parties", citing Philipowski v. Spencer, 63 Tex. 604 (S.Ct.) and numerous other cases. Furthermore, in this instance the Texas trial court is interpreting a contract which had come before it in the divorce action between the parties and which was a Texas contract and subject to interpretation under Texas law. We feel that appellant's second point must be overruled and the judgment of the trial court affirmed.

Affirmed.