Sedley C. BURDETTE, Appellant,

v.

Art CULP, Ind. etc., et al., Appellees.

No. 5846.

Court of Civil Appeals of Texas.

El Paso.

Jan. 4, 1967.

Rehearing Denied Feb. 1, 1967.

Doyle Gaither, El Paso, for appellant.

Richard E. Neill, Houston, for appellees.

## OPINION

CLAYTON, Justice.

Appellant, plaintiff in the trial court, purchased a mobile home from C. Sam Ray Trailer Sales, Inc., in Houston, Texas, on April 13, 1962. The appellee, Allen-Parker Company, also in Houston, financed the purchase. The mobile home was insured against fire by the Standard Casualty Company of Houston and any loss under the policy was payable to Burdette as insured, and Mossler Acceptance Company and/or assigns, as interest might appear. On or about October 12, 1964 the mobile home was damaged by fire in El Paso, Texas, and proof of loss was in the amount of $2,190.00. At the same time Burdette executed a "Release and Request for Payment of Proceeds" in the amount of $2,190.00 authorizing the insurance company to pay, at its option, said amount to Sun Dial Mobile Home Sales, operated by Cecil Hampsten and Merle Beaty, of El Paso, Texas, who had been authorized to repair the mobile home. The repairs were not satisfactory to Burdette, who, on April 16, 1965, filed suit in the 34th District Court of El Paso County, Texas, being Cause No. 114,152, against the same parties named as appellees in this suit. Citation was served in Cause No. 114,152 on Cecil Hampsten and Merle Beaty, individually and d/b/a Sun Dial Mobile Home Sales, but the named defendants failed to appear and made default. Appellant here, plaintiff in said suit, moved for a non-suit without prejudice as to all other defendants, which was granted on May 11, 1965, and judgment was entered for plaintiff, the court finding that Burdette was in nowise indebted to the defendants Hampsten and Beaty, d/b/a Sun Dial Mobile Home Sales, under the terms of the payment order signed by Burdette, and further found that the named defendants had failed to perform any repairs or other services under the "repair order" as would entitle them to any payments therefor. The court granted Burdette title and possession of the mobile

home and ordered issuance of a special writ of execution for recovery of such property by plaintiff, which property was recovered and delivered to Burdette.

On May 12, 1965, Standard Casualty Company issued its check in the amount of $690.00 payable to Sun Dial Mobile Home Sales and Allen-Parker Co. and this check was endorsed and stamped paid on May 17, 1965. On March 4, 1965 Standard had issued another check in the amount of $1,500.00 payable to Sun Dial, which check was endorsed and stamped paid on March 10, 1965. Both checks appear to have been signed by one O. S. Parker for Standard, the man who dealt with appellant regarding his claim for loss.

Appellant then, on June 28, 1965, filed suit in the 120th District Court against the same defendants named in Cause No. 114,152, having added Hampsten and Beaty, d/b/a Sun Dial Mobile Home Sales by amendment, and asking for damages under the insurance contract. After trial before the court without a jury, judgment was entered on March 28, 1966 against plaintiff (appellant) for all defendants. This appeal is taken from that part of the judgment favoring Standard Casualty Company and Cecil Hampsten and Merle Beaty, individually and d/b/a Sun Dial Mobile Home Sales, appellees, against appellant.

Appellant presents fifteen points of error directed at seven of the trial court's fourteen Findings of Fact, at three of its four Conclusions of Law, and at the court's refusal to grant any of the five requested additional findings. Points of Error Nos. I, II, VIII, and IX are grouped together in briefing and argument, these points being directed at the ruling in favor of Standard Casualty Company. Appellant's position is that he was dissatisfied with the repair work done on the trailer and so notified Standard, but it made the payments nevertheless, on the basis of the appellant's "Release and Request for Payment of Proceeds", even though appellant had, in effect, revoked such release and request.

The testimony of Parker on this point, referring to visits with, or telephone calls from appellant, is as follows:

"Q All right, sir. Now did Mr. Burdette tell you when he was in Houston that he was dissatisfied with the trailer?

A He said there were several things that he was displeased with, yes.

Q But he called you long distance prior to that. Didn't he ask you to see what you could do about stopping work on the trailer?

A He went out, as I understand it, and stopped the work himself.

Q Did he say anything to you about stopping the work?

A He said that he wasn't satisfied with the work, and I told him that I would—even though I had already agreed to pay for the thing, and it was his and Mr. Hampsten's work, I would go ahead and see what I could do, I would call Mr. Hampsten and see what it was that he was dissatisfied with, I would do everything I could to try to help him out.

Q Now, that was on the first telephone call?

A Well, each telephone call, I told him I would help him at any time, I would try to do everything I could, I would call right over to El Paso and get in touch with Mr. Hampsten."

*    *    *    *    *    *

"A He called me one time from Houston, called in from another—from the Houston area.

Q Do you recall when that was?

A Might have been in February, January or February, perhaps."

*    *    *    *    *    *

"Q Now, at any time, have you received a letter or telephone call from Mr. Burdette, telling you not to pay Cecil Hampsten the $2190.00?

A Never, no sir."

In our opinion, appellant's position as to revocation of the release and request is not borne out in the testimony, and we would have no justification in overruling the trial court's assessment of this testimony and the weight to be given it, since the trial court was the judge of these matters and his judgment is supported by probative evidence. These points of error are overruled.

Points of Error III, IV, VI, VII and X are grouped in appellant's brief as pertaining to the court's ruling of res judicata as a bar to appellant's cause of action against appellees Hampsten and Beaty, individually and d/b/a Sun Dial Mobile Home Sales.

Keeping in mind that Burdette, appellant here, asked and was granted, as plaintiff in cause No. 114,152 in the 34th District Court, a non-suit without prejudice against all defendants named therein except for Cecil Hampsten and Merle Beaty, individually and d/b/a Sun Dial Mobile Home Sales, the default judgment in said suit must be based solely upon the pleadings and evidence pertaining to said latter-named defendants and the relief prayed for as to such defendants. Examining the former pleadings, we find that essentially the pleadings and prayer therein as to these defendants is expressed in the prayer thus: "that Plaintiff have judgment against CECIL HAMPSTEN and MERLE BEATY, Individually and dba SUN DIAL MOBILE HOME SALES, for possession of said mobile home * * *" This prayer was granted and it was ordered that "a special writ of execution * * *" issue to seize and deliver to said plaintiff such property, which was done. We believe that court to have been without authority to rule: "that the Plaintiff is in nowise indebted to the Defendants CECIL HAMPSTEN and MERLE BEATY, individually and dba SUN DIAL MOBILE HOME SALES under the terms of the repair order [or Release and Request for Payment of Proceeds] signed by Plaintiff as set forth in his petition; and the Court further finds that said Defendants have failed to perform any repairs or other services under said repair order as would entitle said Defendants to any payments therefor." In view of the circumstances, the last-quoted part of the judgment of the 34th District Court must be considered as surplusage and cannot be considered as res judicata in these present proceedings. We therefore sustain that part of appellant's Point of Error No. VII complaining of that part of the trial court's Finding of Fact 14, which recited: " * * * and that the Plaintiff obtained a default judgment against the Defendants, Cecil Hampsten and Merle Beaty, Individually and d/b/a Sun Dial Mobile Home Sales, for the same cause of action as set out in the case at bar * * *"; and Point of Error No. X, complaining of Conclusion of Law No. 3, reading:

"The trial court erred in its conclusion of law numbered 3 in that 'The prior judgment obtained by the Plaintiff against the Defendants, Cecil Hampsten and Merle Beaty, Individually and d/b/a Sun Dial Mobile Homes, operates as a bar to this cause of action against the same Defendants' for the reason that such conclusion is not an accurate statement of the law and ignores the fact that in Cause No. 114,152 filed April 16, 1965 Appellant prayed for and sought possession of Appellant's mobile home as against Defendant Hampston, et al and did not assert a cause of action for monetary damages (Plaintiff's Exhibit 6) and in fact the judgment rendered in said cause on May 11, 1965, was prior to the issuance of final payment by Standard Casualty Company (Plaintiff's Exhibits 7 and 8)."

But these conclusions do not affect our final disposition of this cause. We overrule Points III, IV and VI asserting that there is no evidence to support the present trial court's findings that " * * * 'Sun Dial Mobile Home Sales repaired the mobile home of the Plaintiff and that the consideration of $2,190.00 was paid to Sun Dial Mobile Home Sales by Standard Casualty Company' * * *"; " * * * 'the mobile home of the Plaintiff was repaired by Sun Dial Mobile Home Sales but a dispute arose between the Plaintiff and Sun Dial Mobile Home Sales as to whether the repairs were satisfactory' * * *"; " * * * 'the Plaintiff offered no evidence of fraud, mistake, duress or failure of consideration or any other grounds to cancel the release, and I find that the execution of the Proof of Loss, Release and request to pay to Sun Dial Mobile Homes was arrived at openly and fairly by the parties thereto' * * *", and further asserting that such findings are against the greater weight and preponderance of the evidence.

We are here expressing no conflict with the previous holding of this court, upon which appellant says he relies, in the case of Cornell v. Cornell, 402 S.W.2d 571, 573 (Tex.Civ.App., 1966; wr. granted), appellant asserting as follows:

" * * * wherein this Court quoted with approval 34 Tex.Jur.2d 546, § 492, ' "It is established that in order for a judgment in one suit to bar the bringing of a subsequent one, there must be identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and identity of quality in the persons or parties, citing Philipowski v. Spencer, 63 Tex. 604 (S.Ct.) and numerous other cases." ' In the Philipowski case the Supreme Court stated, 'A former judgment will not be a bar to further litigation, unless the same vital point was put directly in issue and determined, or was fairly within the scope of the pleadings,' 6 Wait's Act. & Def., 785, and cases there cited."

Appellant then follows with the statement: "Certainly alleged payment of a claim by the insurance company subsequent to a final judgment could by no stretch of the imagination be litigated before such payment was made." With this statement we have no quarrel, but it does not change our opinion here, under the particular circumstances of this case.

Appellant's Point V charges error on the part of the present trial court in its Finding of Fact No. 12: "I find that the Plaintiff did not notify Standard Casualty Company or Allen Parker Company or any of the Defendants that the $2,190.00 should not be paid to the Defendants, Cecil Hampston and Merle Beaty, d/b/a Sun Dial Mobile Homes." An examination of the entire record fails to support appellant's claim that this finding is supported by no evidence, and is against the greater weight and preponderance of the evidence. At the risk of burdening this opinion, we will indicate some of the testimony at the trial on this point. Appellant spoke of a Mr. Stahl, who had adjusted a previous claim of appellant's, who was quoted by appellant as having said: "He said we were supposed to be satisfied reasonably, and that no payment of any kind would be made to anyone for inferior work." Asked if this transpired in the offices of the Standard Insurance Company, he replied:

"A It was in an office building other than Allen Parker, [an employee of Standard] Mr. Parker was at Allen Parker's office, I don't remember the address of this office that Mr. Stahl was, but it was in another part of town."

Mr. Parker, Standard's agent, testified:

"Q Now, at any time, have you received a letter or telephone call from Mr. Burdette, telling you not to pay Cecil Hampsten the $2190.00?

A Never, no sir."

Appellant himself testified:

"Q Now, did you at any time ever write the Standard Casualty Insurance Company and tell them not to pay Cecil Hampsten for the work he had done; did you ever write one single letter, Mr. Burdette, not to pay him?

A Not that I know of. Not that I remember of."

\* \* \* \* \* \*

"Q You didn't at any time tell them [Standard] not to pay Hampsten?

A No."

Appellant's Point No. V is overruled. All other points are not briefed or argued, and are overruled.

The result of our findings is that the judgment of the present trial court must be affirmed, and it is so affirmed.