A. N. DARGAN ET AL. v. KEYSTONE MILLS COMPANY ET AL.

No. 6690.   Decided October 16, 1935.
(86 S. W., 2d Series, 627.)

J. R. Hill, R. E. Schneider, W. L. Hill, Randolph & Hughes, and C. R. Wharton, all of Houston, for plaintiffs in error.

The five and ten years statutes of limitation are not available to the Keystone Mills Company, as a means of acquiring title by limitation, because it is shown by the evidence that the land in controversy is not necessary for the business of the corporation, and hence the corporation cannot acquire the title to said land under the statutes of limitation. Bracken v. Jones, 63 Texas, 186; Snow v. Starr, 75 Texas, 411, 12 S. W., 673; Kinney v. Vinson, 32 Texas, 128; House of Mercy v. Davidson, 90 Texas, 529, 39 S. W., 924.

E. R. Campbell, Vinson, Elkins, Sweeton & Weems, all of Houston, Foster & Williams, of Conroe, and Ben H. Powell, of Austin, for defendants in error.

There is evidence in this record to support the holding of the Court of Civil Appeals that "the construction, maintenance, and operation for over ten years of a tramroad, across timber lands, was sufficient to perfect plaintiff's title under limitation statutes, where plaintiff entered under a claim of right, gave constructive notice of boundaries, paid taxes, and occupied land for two years in cutting timber." Dargan v. Keystone Mills Co., 64 S. W. (2d) 1054; Evitts v. Roth, 61 Texas, 84; Whitehead v. Foley, 28 Texas, 284; Billingsley v. Houston Oil Co., 213 S. W., 248 (Com. App.).

W. G. Banks, of Houston, and Williams & Williams, of Austin, filed briefs and arguments as amicus curiae.

MR. JUSTICE CRITZ delivered the opinion of the court.

This suit was filed in the District Court of Montgomery County, Texas, by Keystone Mills Company and Charles D. Stephens, against A. N. Dargan and Mrs. Mildred Carroll and her husband, F. R. Carroll, and numerous other parties, not necessary to name. The action was in trespass to try title to recover 550 acres of land, a part of the Lemuel Smith Survey in Montgomery County, Texas. The case was finally tried in the district court before the court without the intervention of a jury, and resulted in a judgment for Keystone Mills Company and Stephens. We gather from the record that Dargan and the Carrolls alone appealed. On final hearing in the Court of Civil Appeals at Beaumont, the judgment of the district

court was affirmed, in an opinion by Chief Justice Walker. Associate Combs dissented. 64 S. W. (2d) 1054. The case is before this Court on writ of error granted on application of Dargan and the Carrolls.

It appears from the record that Keystone Mills Company et al. pleaded their title specially, claiming to hold the record title. Also, they pleaded the three, five, ten, and twenty-five years statutes of limitation.

The district court found that Keystone Mills Company et al. had established the record title to the land, and also further found that they had established title under the three, five, and ten years statutes of limitation. If we properly interpret the opinion of the Court of Civil Appeals, it holds that Keystone Mills Company et al. established title under the five and ten years statutes of limitations, and, therefore, affirmed the judgment of the district court. For the purposes of this opinion we will assume that Dargan et al. established the record or paper title, and are entitled to recover, unless the judgments of the two lower courts can be sustained under either the five or ten years statutes of limitation.

■ It is the settled law of this State that this Court has no jurisdiction by writ or error to try issues of fact. It only has jurisdiction to decide law questions. It is also the settled law of this State that the Court of Civil Appeals is a court of last resort as to the sufficiency of evidence to support a fact finding of a trial court. In the case at bar the district court found, as already stated, that Keystone Mills Company et al. established title to this land under both the five and ten years statutes of limitation. The Court of Civil Appeals found that there was sufficient evidence in the record to sustain this finding, and affirmed the judgment of the district court. In this state of the record it is the duty of this Court to leave the judgments of the two lower courts undisturbed, unless we can say that the evidence contained in the record fails as a matter of law to sustain the findings of the trial court and Court of Civil Appeals as to the title under both the five and ten years statutes of limitation.

The record discloses that Keystone Mills Company received a deed conveying to it the 550 acres of land here involved on January 29, 1913; that such deed was duly filed for record on March 21, 1913; that in the early part of 1913 Keystone Mills Company staked out a tramroad from its mill over and across this land; that the construction of this tramroad was at once

begun, and same was completed across this land in 1913; that in constructing such tramroad the right of way was cleared, the necessary grading done, and necessary bridges built; that when this was done, cross-ties were properly placed and 35-pound steel rails laid thereon; that necessary switches and spur tracks were constructed; that as soon as the railroad was constructed Keystone Mills Company began cutting timber on this land and hauled it to its mill over this tramroad; that while the timber was being cut and hauled from this and other tracts owned by Keystone Mills Company, at least six trains a day, and sometimes more, passed over this tramroad for six days in the week; that such trains were so run from 1913 to 1924, both inclusive, more than ten years; that during all this time Keystone Mills Company used two track crews, consisting of five or more men in each crew, in maintaining such tramroad; that while so operating and maintaining the tramroad over this land, the Keystone Mills Company cut and removed the timber from this land; that Keystone Mills Company constructed and maintained for a time on this land a pen or corral, in which it kept mules and horses used in its timber operations; that a spur track was built on this land, and feed cars kept and placed thereon.

The record also shows that Keystone Mills Company finished cutting the timber from this and adjacent lands in 1924, and then removed the tramroad and all other improvements from this land. Since 1924, and up to the time of this trial, Keystone Mills Company has kept a caretaker in charge of these lands, who has continuously patrolled the same and kept the lines well marked, and also kept trespassers therefrom.

The record further shows that during the time from 1914 to 1932, both inclusive, Keystone Mills Company has claimed the title to this land under the above-mentioned deed; that such Company has rendered such land for taxes for each and all of said years, and that it has paid such taxes for each and all of such years before delinquency.

Finally, this record fails to show any actual occupancy of this land for an uninterrupted period of five years, except the occupancy by the construction and maintenance of the above-mentioned tramroad. The tramroad occupancy was maintained continuously for more than ten years. Also, it seems to be conceded that the time consumed in removing the timber from this land and maintaining feed pens, etc., thereon was less than five years.

■ After a careful investigation of the authorities, we are compelled to the conclusion that the above-recited facts are sufficient in law to establish title in Keystone Mills Company et al. under the five years statute of limitation. Houston Oil Co. v. Billingsley (Comm. of Appls., opinion approved), 213 S. W., 248.

The opinion in the case just cited discloses that Hooks Lumber Company, claiming under deeds duly registered, constructed and maintained for a period of some three or four years a tramroad very similar to this one on and over the land there in controversy. The opinion further shows that the Lumber Company was cutting timber on such land some three or four years. It is then shown that the record was such that the jury could have drawn the conclusion that five years continuously intervened from the time of entry until the occupancy was abandoned. Under this record the opinion holds that a fact issue of five years' adverse possession was presented.

The facts contained in this record present a much stronger case than the facts contained in the record in the Houston Oil Company Case, supra. Here, Keystone Mills Company entered under a claim of right under a deed duly registered, and maintained the tramroad continuously for a period of more than ten years. In addition to this, the other acts of control and possession recited above occurred. This tramroad was not a mere makeshift affair, so as to create the impression of temporary use only, but was a well-built structure, with graded right of way, well built bridges, crossties, and well-laid rails, switches, etc. It certainly was not such a structure that one would ordinarily build and maintain on land not his own.

From what we have said, it is evident that we hold that the facts of this record, as detailed above, present some evidence supporting the five years limitation title in Keystone Mills Company et al. This being true, the sufficiency of such facts was for the Court of Civil Appeals alone to determine. That court has determined such facts to be sufficient, and has affirmed the judgment of the district court. It is, therefore, our duty to leave the judgments of the Court of Civil Appeals and district court undisturbed.

We express no opinion as to the title of Keystone Mills Company et al, under the ten years statute of limitation. It is not necessary to pass on that question.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered October 16, 1935.