### HARVEY et al. v. HUMPHREYS et al.
#### No. 11584.

Court of Civil Appeals of Texas. Galveston.
Feb. 24, 1944.

Rehearing Denied March 16, 1944.

734

A. D. Dyess, of Houston, for appellants.

Vinson, Elkins, Weems & Francis and C. M. Hightower, all of Houston, for appellees.

MONTEITH, Chief Justice.

This suit in trespass to try title was brought by appellees, A. E. Humphreys and wife, Gertrude Humphrey's, and George Zollman, against a large number of persons, their heirs, unknown heirs and legal representatives, including appellants herein, for the purpose of "clearing up" the title to and for possession of certain land out of the J. G. W. Pierson ¾ League Survey, located partly in Grimes and partly in Waller Counties, Texas. All parties defendant in the suit were cited by publication and all defendants so cited either disclaimed or failed to appear and answer in person or by attorneys of their own selection except appellants who appeared by answer and cross-action, disclaiming title to all the land sued for by appellees except Lots 10, 13 and 18 of the W. R. Fitch Subdivision of the said Pierson Survey. As to said lots appellants filed pleas of not guilty and general denial, and by special plea sought to have a judgment rendered in the district court of Waller County on April 3, 1917, in case of George L. Zollman v. Unknown Heirs of J. H. Pierson et al., set aside as to them. They later abandoned their claim to said Lot No. 10.

Appellees alleged title as the record owners of the land in controversy. In addition to their pleading in trespass to try title they pled title by reason of various statues of limitations and, in answer to appellants' cross-action, they pled laches, stale demand, and that they were innocent purchasers of the lots in controversy for value without notice of the interest therein claimed by appellants.

In a trial before the court without a jury, judgment was rendered in favor of appellees and against appellants as to said Lots 10, 13 and 18, and in favor of appellees and against all other defendants named in the suit who had not been dismissed therefrom and had not disclaimed.

for the title to and possession of the land sued for.

At the request of appellants the trial court prepared and caused to be filed his findings of fact and conclusions of law.

The record shows that M. A. Harvey and Josephine C. deLyon were married on August 16, 1876. M. A. Harvey died in 1882, leaving surviving him his wife and three children. In 1885 Josephine Harvey married William J. Poole, who died in 1915 leaving surviving him his wife, Josephine Harvey Poole, and two children. Josephine Harvey Poole died in 1927. Appellants herein are the surviving children and heirs of M. A. Harvey and Josephine Harvey and of Josephine Harvey Poole by her marriage with William J. Poole.

Both appellants and appellees claim title to the land in controversy under Bryan Real Estate & Building Association, which association acquired certain land out of the J. G. W. Pierson Survey in February, 1875, and caused it to be subdivided into 18 lots or parcels of land and a plat thereof to be made and recorded in the deed records of Grimes County, Texas.

By deed dated October 5, 1875, the Bryan Real Estate & Building Association conveyed said Lots Nos. 10, 13 and 18 to C. B. Beck. On September 15, 1877, C. B. Beck, through the sheriff of Waller County and under a judgment of the county court of Brazos County and a sheriff's sale thereunder, conveyed said Lots 10, 13 and 18 to M. A. Harvey.

There is no conveyance in the record out of M. A. Harvey. However, the trial court found as a fact that "M. A. Harvey and Josephine C. Harvey Poole conveyed all right, title and interest in Lots 10, 13 and 18 * * * to one of plaintiffs' predecessors in title."

The balance of the land in the Pierson Survey owned by the Bryan Real Estate & Building Association passed by mesne conveyance into J. S. Fowlkes, who by deed dated January 25, 1892, conveyed parts of the said Pierson Survey by a metes and bounds description which included said Lots 13 and 18 to L. L. Alexander, who conveyed said land to Laura and Carrie Fetzer. By deed dated February 4, 1907, Laura and Carrie Fetzer conveyed 706 acres of land, referred to as Lots 10, 18 and 13 out of the Pierson Survey, and other land, to W. F. Brockman, and by deed dated September 1, 1906, Laura and Carrie Fetzer and W. F.

Brockman conveyed the timber on 2000 acres of land, more or less, out of the Pierson Survey by field notes, which include said Lots 13 and 18, with other property, to Miller-Vidor Lumber Company. Graham-Todd Lumber Company, assignee of the Miller-Vidor Lumber Company, erected a mill on land adjoining the Pierson Survey and extended a tram road into the Pierson Survey and it, and its assignees, cut the timber at various times from said survey, including said Lots 13 and 18. Said Lot 18 lies south of and adjoins said Lot 13. The title to said land passed by a regular chain of mesne conveyances into George L. Zollman.

On January 22, 1917, George L. Zollman filed suit in the district court of Waller County in cause No. 2753 against the Unknown Heirs of J. H. Pierson and others, including M. A. Harvey and the heirs and legal representatives of M. A. Harvey, deceased, and on April 3, 1917, judgment was rendered in said cause in his favor for the title and possession of the land sued for, including said Lots 13 and 18, against all defendants sued, including M. A. Harvey and his legal heirs and representatives. No appeal was prosecuted from this judgment. It was recorded on June 6, 1917, in the Deed Records of Waller County, Texas.

George L. Zollman later conveyed the land in controversy to Naomi Rich in trust for the use and benefit of appellees, A. E. Humphreys and Gertrude Humphreys, subject to a $\frac{1}{16}$ mineral interest reserved to himself. The record shows and the trial court found as a fact that A. E. Humphreys paid a valuable consideration for the property in reliance upon the validity of the judgment in the case of Zollman v. Unknown Heirs of J. H. Pierson et al., and the recitals contained therein, and without notice, actual or constructive, of any claim of title on the part of the heirs of M. A. Harvey and Josephine C. Harvey Poole, deceased.

This action was brought on January 31, 1942, approximately 25 years after the entry of judgment in the case of Zollman v. Unknown Heirs of J. G. W. Pierson et al.

Under their first point, appellants contend that the evidence in the record was insufficient to support the trial court's findings of fact that M. A. Harvey and Josephine C. Harvey Poole conveyed said Lots

13 and 18 to one of the plaintiffs' predecessors in title.

It has been uniformly held in this State that presumption of a title is generally one of fact and therefore subject to rebuttal (2 Tex.Jur. 26), and that while the presumption may be established by circumstantial evidence alone in the absence of possession (Simmons v. Hewitt, Tex.Civ.App., 87 S.W. 188, writ refused), it is essential that the adverse claim of title to the land be made in some tangible form calculated to bring notice to those who are adversely affected thereby so as to create a presumption of acquiescence in such claim by the adverse parties. Ordinarily where a party asserts a presumed grant, he must show possession, adverse, exclusive, and a holding to well-defined metes and bounds. Duke v. Houston Oil Co. of Texas, Tex.Civ.App., 128 S.W.2d 480; Fowler v. Texas Exploration Co., Tex.Civ.App., 290 S.W. 818, writ refused; Masterson v. Harris County Houston Ship Channel Nav. Dist., Tex.Com.App., 15 S. W.2d 1011, 18 S.W.2d 588, 67 A.L.R. 1324; Wixom v. Bowers, Tex.Civ.App., 152 S.W. 2d 896, writ refused.

In announcing the rule that the presence of three legal elements are necessary to establish the presumption that an apparent owner has parted with his title, our Supreme Court in the case of Magee v. Paul, 110 Tex. 470, 221 S.W. 254, 256, has said:

"Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long-asserted and open claim, adverse to that of the apparent owner; second, of a non-claim by the apparent owner; and third, in the acquiescense by the apparent owner in the adverse claim."

In the instant case the trial court based his finding of fact that M. A. Harvey and Josephine C. Harvey Poole had conveyed all right, title and interest in said Lots 10, 13 and 18 to one of plaintiffs' predecessors in title on the following facts and circumstances which are reflected by the record: a non-claim on the part of appellants and their ancestors from the date of the deed to M. A. Harvey in 1877 to the time of the filing of this suit in 1942; the assertion of a title thereto by

appellees and their predecessors in title since 1892; the payment of taxes by appellees on portions of the Pierson Survey, claimed by appellees to include the lots in controversy, from 1917 to 1942; the building of a corral and house on said Lot 13, and the cutting and removing of timber from both Lots 13 and 18, and the fact that said two lots were not inventoried as a part of the estate of M. A. Harvey, Josephine C. Harvey Poole, or as a part of the estate of the Harvey heirs when Mrs. Poole qualified as their guardian in 1892, and the fact that, in the year 1877, the year that M. A. Harvey acquired title to said Lots 10, 13 and 18 by sheriff's deed, the same sheriff who executed the deed to M. A. Harvey also executed a deed as sheriff conveying said Lots 10, 13 and 18 to John H. Douglass. This deed was recorded in the Deed Records of Waller County, Texas, in 1878. The record shows that at that time M. A. Harvey was county clerk, or deputy clerk, of Waller County.

Since this case was tried before the court without a jury, the findings of fact by the trial court based on the above facts have the same force as a verdict of a jury and this court must affirm such findings and the judgment based thereon in the absence of substantial error. Carpenters & Joiners Union, etc., v. Ritter's Cafe, Tex.Civ.App., 149 S.W.2d 694, writ refused.

Under their second point appellants contend that the evidence in the record was insufficient to support the trial court's findings of fact that appellees had title to said Lots 13 and 18 by virtue of the 10-year statute of limitation.

It is the established law in this State that, where a milling company had entered upon land under claim of right under a duly registered deed, built and operated tram roads thereon, cut and removed timber therefrom, maintained corrals thereon in which horses and mules were kept for use in lumbering operations, such acts were sufficient to establish title under the 5-year statute of limitations although the only occupancy for such period of time was by construction and maintenance of tram roads. Dargan et al. v. Keystone Mills Co., 126 Tex. 80, 86 S.W.2d 627; Houston Oil Co. v. Billingsley, Tex. Com.App., 213 S.W. 248.

Appellants contend that the above authorities cannot be relied upon by appellees for the alleged reasons, (a) that the saw

mill companies under those authorities had held the land claimed under deeds of conveyance, while the saw mill companies in this case held under timber deeds with no title to said Lots 13 and 18; and (b) that those cases were based on the five-year statute of limitations while the claimed title in this case is based on the ten-year statute of limitations. This contention cannot be sustained.

The record shows that Laura and Carrie Fetzer and W. F. Brockman, who held title to said Lots 13 and 18 under deed, sold the timber thereon to Miller-Vidor Lumber Company, who conveyed said timber by deed to Graham-Todd Lumber Company. These timber deeds expressly gave the grantees, their heirs and assigns, the right to use said land and constituted the Graham-Todd Lumber Company in its timber operations the tenant of the Fetzers.

■ After stating that possession by a tenant is sufficient to support a title under the 10-year statute of limitations, Texas Jurisprudence, Vol. 2, pages 78 and 79, announces the following rule:

"Nor is it essential that there shall have been a contract of leasing or renting of the property. In order to create the relation of landlord and tenant it is only necessary that the tenant take possession by consent of the landlord. If a tenant enters under the title of another and holds by permission or at sufferance, his possession is viewed by the law as that of his landlord."

In the case of Cobb v. Robertson, 99 Tex. 138, 145, 86 S.W. 746, 748, 87 S.W. 1148, 122 Am.St.Rep. 609, the Supreme Court, speaking through Judge Williams, says:

"A contract of leasing or renting is not essential to the holding possession by one for another. If the tenant enter under the title of another, and hold by permission or at sufferance, he is estopped to deny such title, and the possession * * * is that of the owner. The authorities to be cited abundantly show this. The nature of the arrangement by which the possession is taken or held is immaterial to such an inquiry as this."

The above rule is followed in the case of Philadelphia Trust Co. v. Johnson, Tex. Civ.App., 257 S.W. 280, 284, and in 27 Tex. Jur. 46, and 2 Tex.Jur. 80.

■ The essential legal elements for prescribing under the five and ten-year statutes of limitations are the same in so far as they apply to the facts in this case, except as to the prerequisite for the payment of taxes under the five-year statute.

Under both the five and ten-year statutes, where more than 160 acres of land are involved, the limitation claimant must hold title under a recorded deed. In the instant case the Fetzers had a recorded deed.

■ Whether prescription is under the five or ten-year statutes of limitations, it is necessary to show peaceable, continuous and adverse possession. This, the court found, on what we deem to be sufficient evidence, appellees have shown by tram road possession for more than ten consecutive years.

In the case of Hampton Oil Co., Inc., v. Standard Oil Co. of Kansas et al., D.C., 14 F.Supp., 436, the court expressly held that tram road limitation under the ten-year statute of limitations satisfied the requirements of the statute.

■ Appellants further contend that the occupancy and use of said Lot 13 cannot be extended to said Lot 18. This contention cannot, we think, be sustained, for the reason that the two lots were conveyed to M. A. Harvey by the same deed, and since they are contiguous and were conveyed by the same instrument, actual possession of Lot 13 extended constructive possession to Lot 18.

■ In passing on this particular question, the court in the case of Houston Oil Co. v. Wm. M. Rice Institute, Tex. Civ.App., 194 S.W. 413, writ of error refused, held that where a survey had been divided into two contiguous tracts and both tracts were thereafter conveyed to appellee in the same deed, a description of the two tracts gave a complete description of the entire survey, and, as the record title to both of said tracts was in appellant during the entire period of appellee's occupancy, the possession by appellee of one of said tracts under said deed extended to both of said tracts constituting the land in controversy.

The trial court found that those under whom appellees claim title and those in privity with them, in the earlier part of 1906, built a tram road across the Pierson Survey, which extended into said Lot 13, under a claim of right to said Lots 13 and 18 and under deeds duly recorded, describing and including said lots, and that they

built a corral on said Lot 13, including a lot for oxen and teams, and a house for a caretaker, who lived therein; that they continuously during all of said time maintained and kept said tram road on said Lot 13 in a good state of repair; that trains were operated over it regularly, and that several times during said period the timber was cut from both said Lots 13 and 18 and that said use, occupancy, and enjoyment of these lots was peaceful, continuous, open and adverse for a period of more than ten years, beginning in the early part of 1906 and ending in September, 1917.

The evidence is, we think, sufficient to support the above findings of the trial court, which have the same force and effect on this court as a verdict of a jury on the facts found, in the absence of substantial error.

Appellants attack the validity of the judgment of the district court of Waller County in the case of George L. Zollman v. The Unknown Heirs of J. H. Pierson et al., for the alleged reason that the judgment rendered against appellants in said cause as "Unknown Heirs of M. A. Harvey" upon citation by publication was void for the reason that it was predicated upon a false affidavit made by the attorney for plaintiff therein and that therefore said judgment may be collaterally attacked. They contend, however, that their attack herein on said judgment is a direct attack on said judgment in that this action was brought in the same court against the same parties and that it involves the same subject matter.

On April 3, 1917, in a cause entitled George L. Zollman v. Unknown Heirs of J. H. Pierson et al., appellee, George L. Zollman, recovered judgment in the district court of Waller County against many named defendants, their heirs and legal representative, including "M. A. Harvey and the heirs and legal representatives of M. A. Harvey", for the title and possession of 2000 acres of land out of the said Pierson Survey described by specified metes and bounds and embracing said Lots 10, 13 and 18 involved herein.

The judgment contained the following recitations: "Came on to be heard the above entitled and numbered cause, when the plaintiff announced ready for trial, when the defendants, though duly and legally cited came not, but wholly made default, whereupon it appearing to the court said defendants were cited by pub-

lication as provided by law, appointed R. E. Hannay, Esq., an attorney at law at this bar, to represent said absent defendants, * * * when came the plaintiff by person and attorney and announced ready for trial, and the defendants by their attorney, R. E. Hannay, * * * announced ready for trial, whereupon the court proceeded to hear and determine this cause * * * and the court after hearing the pleadings of the parties, the evidence, a statement of which is ordered to be filed in this cause as provided by law, being of the opinion that the law and the facts are with plaintiff, and that the plaintiff should recover as prayed for in his original petition herein filed."

■ The judgment of the district court of Waller County in favor of George L. Zollman and against M. A. Harvey, his heirs and legal representatives being regular on its face and reciting proper service of citation by publication and that the trial court having found, on what we deem to be sufficient evidence, that proper and legal affidavit for citation by publication was made by the plaintiffs' attorney in said suit; that citation was duly issued and published for the length of time and in the manner prescribed by law in a newspaper in Waller County, Texas; that an attorney ad litem was duly and legally appointed by the court to represent the defendants cited and served with citation by publication, including M. A. Harvey and his heirs and legal representatives, and that said attorney duly and legally appeared and filed an answer in said cause and duly and legally represented the interests of said defendants therein, all right, title and interest of M. A. Harvey, deceased, and of his heirs and legal representatives, was divested out of them by said judgment and vested in George L. Zollman.

This conclusion renders the questions as to whether appellants' attack on the Zollman judgment was a direct or a collateral attack, and appellees' defense that appellants were barred by the four-year statute of limitations from making a direct attack on said judgment, immaterial.

This court having concluded that the judgment in the case of Zollman v. Unknown Heirs of J. H. Pierson et al., divested M. A. Harvey, deceased, and the heirs and legal representatives of M. A. Harvey, of all right, title and interest owned or held by them in the land in controversy, the question is then presented

as to whether Mrs. Josephine Harvey Poole and her heirs and legal representatives were divested of their interest in said land by the judgment in the case of Zollman v. Unknown Heirs of J. H. Pierson.

Appellants contend, under appropriate points, that since the land in controversy was the community property of M. A. Harvey and his wife, Mrs. Josephine Harvey (Mrs. Josephine Harvey Poole), upon the death of M. A. Harvey the legal title to an undivided one-half interest in said land vested in Mrs. Harvey, not as an heir of M. A. Harvey, but as a survivor of the community estate of herself and M. A. Harvey, and that therefore a citation by publication against M. A. Harvey and his heirs and legal representatives was not a citation against Mrs. Harvey (Mrs. Josephine Harvey Poole), and that the judgment rendered in the Zollman case did not purport to be and was not binding upon Mrs. Josephine Harvey Poole and her heirs, the appellants herein, who claim her one-half undivided interest in said Lots 13 and 18. This contention cannot be sustained.

 It is the settled law of this State, as established by the decisions of the Supreme Court, that, when land is deeded to the husband or to the wife, it is presumed to be community property, but the legal title thereto is vested in that one to whom the conveyance is made and the other has an equitable title thereto. It has been further held that such deed does not constitute notice to subsequent purchasers for value without notice of the community interest of the unnamed member. The one in whose name the title is conveyed holds as trustee for the other. Howard et al. v. Commonwealth Building & Loan Ass'n, 127 Tex. 265, 94 S.W.2d 144, and cases there cited.

In the case of Love v. R. S. Allday Supply Co. et al., Tex.Civ.App., 106 S. W.2d 830, both the facts and legal questions presented are similar to those in the instant case. The court, following the rule laid down in the case of Howard v. Commonwealth Building & Loan Ass'n, supra, held that land conveyed to a husband becomes the community property of himself and his wife, but that her title thereto was equitable, and that when she died whatever interest or title her son inherited in the land in controversy through her

was also equitable. In its opinion the court said [106 S.W.2d 832]:

"It has often been held in this state that an equitable title inherited by a child through his mother, of community property, legal title to which was in the name of the husband, will not prevail over the legal title acquired by a bona fide purchaser from the husband after the wife's death", citing cases.

 The court in that case also held that it was equally well established that a purchaser at an execution sale would be deemed an innocent purchaser where he would have been deemed such at a voluntary sale. Art. 3818, Revised Statutes 1925. Ellett v. Mitcham et al., Tex.Civ. App., 145 S.W.2d 917; Old Nat. Life Ins. Co. v. Guest et al., Tex.Civ.App., 163 S.W. 2d 241; Dorsey et al. v. Temple et al., Tex.Civ.App., 103 S.W.2d 987; Simonds v. Stanolind Oil & Gas Co. et al., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207; Strong et al. v. Strong et al., 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739.

The trial court in the instant case found, on what we deem to be sufficient evidence, that appellees, A. E. Humphreys and Gertrude Humphreys, had paid the consideration moving to George L. Zollman for the deed of conveyance to said property and that the beneficial interest therein had been in them since November 7, 1927, subject to a 1/16 mineral interest reserved in Zollman; that they had paid a valuable consideration for said property in reliance upon the validity of the aforesaid judgment and the recitals therein contained and without notice, actual or constructive, of any claim of title on the part of the heirs of M. A. Harvey and Josephine C. Harvey Poole, deceased.

It is undisputed that the Zollman judgment was regular on its face and that it recited due and proper service of citation. Judgment therein was rendered against "the heirs and legal representative" of M. A. Harvey, who was dead at the time and whose heirs and legal representatives held the legal title to said land. It is undisputed that said judgment had been recorded in the deed records of Waller County for approximately twenty-five years.

A. E. Humphreys and Gertrude Humphreys were not parties to said suit and the trial court found that they had bought said property in reliance upon the faith

of the recitals of proper service of citation in said judgment and without any knowledge of Mrs. Poole's equitable title thereto.

It is the well established rule in Texas that the claimant of an equitable title, as against the subsequent owner of the legal title assumes the burden of showing that the latter was not an innocent purchaser. Old Nat. Life Ins. Co. v. Guest et al., Tex.Civ.App., 163 S.W.2d 241; Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 154 S.W. 953; Howard v. Commonwealth Building & Loan Ass'n, 127 Tex. 365, 94 S.W.2d 144; Dorsey v. Temple, Tex.Civ.App., 103 S.W.2d 987; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207; Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284; 43 Tex.Jur., pp. 621–622, #366.

Under above authorities, the appellants, as heirs of Mrs. Josephine Poole, having failed to discharge the burden of proof of establishing that the appellees had knowledge of their equitable title to said Lots 13 and 18, the judgment of the trial court must be, in all things, affirmed.

Affirmed.