**Jim GANDY, Appellant,**

v.

**Wayne C. PEMBERTON, Appellee.**

**No. 11284.**

Court of Civil Appeals of Texas.

Austin.

April 7, 1965.

Rehearing Denied April 28, 1965.

Charles C. Smith, Jr., Cameron, for appellant.

John B. Henderson, Jr., Cameron, Clark, Thomas, Harris, Denius & Winters, Mary Joe Carrol, Austin, for appellee.

PHILLIPS, Justice.

This is a trespass to try title case involving 60 acres of land, more or less, in Milam County, Texas. Appellee, as plaintiff in the trial court, alleged facts necessary to establish title and right to possession under the three, five, ten and twenty-five year statute of limitations as well as establishing record title to the land involved.

Appellant, as defendant, entered a plea of not guilty and further asserted a limitation title to the property under the three, five and ten year statutes.

The trial court entered judgment for plaintiff, appellee here. Thereafter, at the request of the appellant, the trial court prepared and filed findings of fact and con-

clusions of law holding that appellee not only had established title to the land under the five and ten year statute of limitations, Articles 5509, 5510, Vernon's Ann.Civ.St., but also that appellee holds the legal record title.

We affirm the judgment of the trial court.

Appellant is before this Court on a single point of error, namely, that of the trial court in rendering judgment for appellee for the title to and the possession of the 60 acre tract of land involved because of the failure of the court's judgment to describe the 60 acres of land so that it can be identified with certainty.

We overrule this point.

Appellee established that his claim is based upon duly recorded deeds, the first in the chain being dated and filed for record on December 9, 1903. There is no question with regard to the authenticity of any deed.

J. L. York, the grantee in the 1903 deed, went into possession in that year. He himself used and occupied the subject property from that time until the 1940's. After J. L. York moved into town shortly before his death, the property was leased to various individuals and remained under consecutive leases until purchased by appellee in July, 1963.

The property was fenced as early as 1910, possibly before, and has remained under fence continually. The land has consistently, throughout the period of time from 1910 until the present, been used by York, his tenants, and the tenants of his estate, for pasturing stock. This possession has been continuous and exclusive.

From 1919 through and including 1963, J. L. York and M. L. York rendered and paid taxes on the subject property. Appellee purchased the property in question from the York heirs in 1963.

■ These facts amply sustain the trial court's findings and conclusions that appel-lee is entitled to title and possession under the five and ten year statutes of limitations, Arts. 5509 and 5510, V.C.S. Dargan v. Keystone Mills Company, 126 Tex. 80, 86 S.W.2d 627; Clark v. United Production Corporation, Tex.Civ.App., 156 S.W.2d 1022, writ ref., W. M.

In describing the long tenure of the Yorks on the land in question, witnesses repeatedly described the property as the "York Hog Pasture" and repeatedly identified it with respect to adjoining estates and other monuments on the ground. There was no question but that the Yorks had owned and occupied "York Hog Pasture" for more than 50 years and that the location of the pasture was well known in the community.

■ In addition to appellee having established a notorious and adverse possession on the part of the Yorks for some forty or fifty years, when the property was first conveyed to the Yorks in 1903 by one Spencer Ford, it was described by metes and bounds. These are the same metes and bounds set out in the appellee's petition in the trial court and the same metes and bounds set out in the trial court's judgment in this case. There is testimony from an abstractor in Milam County verifying this description and testifying that the property lies on the ground as described by the calls in the original deed.

The abovementioned Spencer Ford is also the source of appellant's title to a parcel of land adjoining the property in question. The property in question was excepted from the land conveyed to appellant's predecessor in title.

Rule 783, Texas Rules of Civil Procedure, with regard to the requirements of property description in a trespass to try title suit, specifies:

"A description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession there-

of may be delivered, and state the county or counties in which the same are situated."

Appellee has fulfilled all of these requirements.

As we understand appellant's position with respect to the description of the land, said description identifies the land as being out of the McLennan Survey while in fact it is partially in the McLennan Survey and partially in the Ruiz Survey. Should this be true, it is not controlling here.

See Morse v. Southerland, Tex.Civ.App., 318 S.W.2d 709.

The judgment of the trial court is affirmed.

Affirmed.