**CHEM–SAF PRODUCTS, INC. et al.**

**v.**

**REILLY TAR AND CHEMICAL CORPORATION.**

**No. 8282.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1979.

---

Fred L. Fraser, Houston, for appellants.

James Hull, Houston, for appellee.

KEITH, Justice.

Defendants below appeal from an adverse judgment rendered in a bench trial in a suit upon a sworn account. Chem-Saf Products, Inc., was a private corporation with Donovan S. Hurd as its president when it purchased the items from plaintiff. According to findings of fact appearing in our record, Hurd "was aware of the incurrence of the indebtedness [by Chem-Saf] to Plaintiff"; but, before suit was filed, the charter of Chem-Saf was forfeited by the Comptroller. Judgment was rendered against Chem-Saf and Hurd for the debt, attorney's fees and costs.

Notwithstanding the fact that Hurd denied the justness of the account as provided in *Tex.R.Civ.P. 185*, the trial court found as a fact that the defendants owed the debt in the amount sued for by plaintiff.

We have no statement of facts and we denied appellants' fifth motion for an extension of time within which to file the statement of facts as set out in our *per curiam* order dated September 24, 1979, which is set forth hereinafter as an appendix and incorporated herein by reference.

The statement of facts should have been filed in the First Court of Civil Appeals in Houston on October 16, 1978; yet, eleven months later, after the case had been languishing in our court for more than nine months, appellants had not taken the steps which a reasonable prudent appellate lawyer would have taken to procure such statement of facts. We then exercised our discretion under *Tex.R.Civ.P. 21c*, as interpreted in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), and denied any further extension of time within which to file such record.

■ An appellant seeking an extension of time under *Rule 21c* must present not only a reasonable excuse for not having filed such instrument on time, he must go farther and show reasonable diligence in attempting to comply with the rules governing such filing. We are of the opinion that appellants have not satisfied either of such requirements.

The trial court's findings of fact and conclusions of law, being before us without challenge, are entitled to the same dignity as jury findings. See *Gandy v. Culpepper*, 528 S.W.2d 333, 335 (Tex.Civ.App.—Beaumont 1975, no writ), and authorities therein cited.

Appellants cannot discharge their burden of showing that there is error in the judgment without a statement of facts. In *The Englander Company v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968), it was written:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

Jurisdiction was properly invoked by the timely filing of the transcript; but, in the absence of a statement of facts, we do not find error in the record. The judgment is, therefore,

AFFIRMED.

## APPENDIX

*"Order Denying Appellant's Fifth Motion for Extension of Time To File Statement of Facts*

"For reasons apparent from the face of documents in the file in the above entitled and numbered cause, the Court is of the opinion that appellants have not shown a reasonable explanation of the need for this Court to grant appellants' fifth motion for an extension of time within which to file the statement of facts.

"The Court is of the opinion, from a careful review of all of the material in the file, that appellants have not shown due diligence in attempting to serve notice of the mandamus proceedings upon Brenda Waters, the court reporter; and, the Court notes particularly that the appellants have not even responded to the suggestion that the absence of the court reporter was merely temporary as set out in the letter of appellees' counsel dated September 13, 1979.

"Now, therefore, relying upon the provisions of *TEX.R.CIV.P. 21c* as construed in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), it is ORDERED:

"*First*: All prior orders relating to the issuance of the writ of mandamus against the court reporter are vacated;

"*Second*: Appellants' fifth and current motion for an extension of time within which to file the statement of facts is hereby denied and refused.

"*Third*: The cause will be taken under submission, without oral argument, on October 25, 1979, without further notice to counsel for appellants.

"*Fourth*: In the event appellants shall file an application for writ of error, the Clerk of this Court is directed to prepare in a chronological sequence, copies of all of the several instruments and letters making up our file in this lengthy proceedings.

"Signed at Beaumont, Texas, this 24th day of September, 1979.

PER CURIAM"