656 S.W.2d 176 (1983)
Herbert TINDAL, as Guardian of the Estate and Person of Mary Tindal Clore, N.C.M., Appellant,
v.
The STATE of Texas, Acting By and Through the TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, Appellee.
No. 04-82-00138-CV.
Court of Appeals of Texas, San Antonio.
June 29, 1983.
*177 William E. Hooks, Jr., Huson, Clark, Hooks, Stephenson and O'Connor, San Antonio, for appellant.
James S. Wilkins, San Antonio State Hosp., Legal & Claims Div., San Antonio, for appellee.
Before BUTTS, TIJERINA and DIAL, JJ.

OPINION
TIJERINA, Justice.
This case involves a statutory bill of review in matters of probate. The trial court, in a bench trial, granted appellee's bill of review and overruled appellant's plea in abatement.
Appellant advances three points of error contending as follows: (1) that appellee was not an interested person with standing to maintain the bill of review; (2) the trial court erroneously granted the bill of review; and (3) the trial court erred in placing the burden of proof on the guardian-appellant. The controversy concerns the guardianship of Mary Tindall Clore, N.C.M., an incompetent ward. On May 1, 1980, the trial court rendered an order authorizing the guardian to transfer the ward's assets into a trust. The ward is a patient at the Kerrville State Hospital. Appellee did not receive notice of the court hearing held on May 1, 1980, and contends that as a creditor of the guardianship, it is an interested person entitled to notice pursuant to Tex.Prob. Code Ann. § 31 (Vernon 1980). The basic issue is whether the ward's estate is to be available as a resource to pay for her state hospital care expenses.
The trial court filed findings of fact and conclusions of law. Findings of fact have the same force and dignity as does a jury verdict upon special issues and when a trial court's findings of fact and conclusions of law are supported by competent evidence, they are ordinarily binding upon an appellate court. Gandy v. Culpepper, 528 S.W.2d 333, 335 (Tex.Civ.App. Beaumont 1975, no writ). We will address jointly appellee's standing to maintain a bill of review and the question of the trial court's judgment. Tex.Prob.Code Ann. § 3(r) (Vernon 1980) provides the following:
`Interested persons' or `persons interested' means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward. [Emphasis ours.]
*178 The bill of review was filed pursuant to the provisions of section 31 of the Probate Code, supra, which allows an interested person to file a bill of review in probate proceedings. In the instant case, the evidence consists of stipulated facts which establish the following: (1) that the ward will remain incompetent during her lifetime; (2) that the ward continues to be a patient at the Kerrville State Hospital; (3) that current hospital care charges average $1,620.00 per month; (4) that the ward's life expectancy is twenty to twenty-five years; (5) that at the rate of hospital care, the ward, on a twenty year period, would owe the state hospital the sum of $388,800.00; (6) that the value of the ward's estate is $250,000.00; and (7) that on July 13, 1981, the date the bill of review was filed, the ward's estate owed the state hospital $12,042.00 for hospital care. The Supreme Court in Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, 215 (1947) ruled on the constituent elements of an interested person as follows:
the interest [of an interested person] must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any basis other than gain or loss of money ... is insufficient. Thus the burden is on every person ... offering [a will] for probate, to ... prove ... some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected.... [Emphasis ours.]
Additionally, the right of the State to recover costs of support, maintenance and treatment of the patient is the right of reimbursement for actual cost to the State of such support, maintenance and treatment. See Collins v. State, 506 S.W.2d 293, 296 (Tex.Civ.App.San Antonio 1973, no writ). Tex.Rev.Civ.Stat.Ann. art. 3196a, § 1 (Vernon 1968), provides in pertinent part:
Non-indigent patients are those who possess some property out of which the State may be reimbursed, or who have someone legally liable for their support. This class shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.
The second point of error contends that the trial court erred in granting the bill of review because the evidence, as a matter of law, fails to show substantial error in the court's order of May 1, 1980. The appellate court must review the whole record to ascertain if the probative evidence establishes as a matter of law the asserted proposition. In this connection the probative evidence must be sufficient to convince the trier of facts that there is no material fact issue concerning the assertion. See Shop Rite Foods, Inc. v. Upjohn Co., 619 S.W.2d 574, 577-78 (Tex.Civ.App.Amarillo 1981, writ ref'd n.r.e.). The record clearly shows that the trial court's judgment was based on the stipulated facts. The findings incorporated in the judgment concluded that appellee was an interested party, entitled to notice of the May 1, 1980, hearing. The court further found that at the May 1, 1980, hearing, no showing was made that sufficient resources remain in the estate, or that the trust provided sufficient income for the welfare, comfort and maintenance of Mary Tindall Clore during her lifetime to adequately meet current or future reimbursement of appropriate amounts of present or future charges by the State institution.
Having reviewed the entire record we conclude that appellee was an interested person with standing to file the bill of review and that there is sufficient probative evidence as established by the stipulated facts to support the judgment of the trial court. Points of error number one and number two are overruled.
Point of error number three complains that the trial court erroneously placed the burden of proof on appellant to prove that substantial error was not committed in rendering the order on May 1, 1980. In the order granting appellee's bill *179 of review, the trial court incorporated findings of fact and conclusions of law in the judgment which in pertinent part provide the following:
Finding
No showing has been made that sufficient resources remain in the estate, or that the trust provides sufficient income for the welfare, comfort and maintenance of Mary Tindall Clore during her lifetime to adequately meet current or future reimbursement of appropriate amounts of present or future charges by the State Institution.
Conclusion
The burden of establishing that the previously approved plan provided resources sufficient for the support of the ward during her lifetime is upon the proponents of the plan and such burden has not been discharged.
Tex.Prob.Code Ann. § 230(2)(A) and (B) (Vernon 1980) provides in relevant part as follows:
(A) On application of the guardian or any interested party, and after notice to all interested persons and to such other persons as the court may direct, and on a showing that the ward will probably remain incompetent during his lifetime, the court may, after hearing and by order, authorize the guardian to apply such principal or income of the ward's estate as is not required for the support of the ward during his lifetime or of his family towards the establishment of an estate plan for the purpose of minimizing income, estate, inheritance, or other taxes payable out of the ward's estate.
* * * * * *
(B) The person making application to the court shall outline the proposed estate plan. [Emphasis ours.]
As the legal representative of an incompetent person, the guardian generally has the burden of proving all of his contentions in all applications before the Probate Court. In an application for expenditures he has to prove the necessity for such expenditures. We believe the statutory provision on the burden of proof is mandatory. We interpret section 230(2)(A) and (B) of the Probate Code to mandate that the guardian shall outline the proposed plan to place in trust such property of the ward's estate as was not required for the support of the ward during her lifetime. Assuming arguendo, however, that the trial court erred in placing the burden of proof on appellant, we find such error to be harmless. The error complained of did not amount to such a denial of appellant's rights as was reasonably calculated to cause the rendition of an improper judgment nor was appellant prevented from making a proper presentation of the case to the appellate court. Tex.R. Civ.P. 434. Point of error number three is overruled.
The judgment of the trial court is affirmed.