Norman W. REDDELL, et
ux., Appellants,

v.

JASPER FEDERAL SAVINGS & LOAN
ASSOCIATION, Appellees.

No. 09–86–054 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 8, 1987.

Rehearing Denied Jan. 28, 1987.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, for appellants.

Blair A. Bisbey, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for appellees.

## OPINION

BURGESS, Justice.

This is a wrongful foreclosure case. Norman and Carol Reddell financed their home through Jasper Federal Savings and Loan Association (Savings and Loan) under the usual note and deed of trust arrangement. From the onset, until the foreclosure (almost seven years), the Reddells encountered difficulty in making timely payments. In fact, the property was posted for foreclosure on eleven separate occasions prior to the final foreclosure.

On June 12, 1983, the Reddells were in default for failure to make payments and agreed with a loan officer to bring the note current by making payments on June 30 and July 15. They did not make the June 30 payment and on July 12 the substitute trustee sent the Reddells a letter. On August 12, the substitute trustee posted notice of the sale and mailed the Reddells a copy of the notice of sale. The property was sold, under the deed of trust, on September 6. The Savings and Loan purchased the property for the unpaid balance of the loan plus accrued interest. In March 1984, the Savings and Loan sold the property to a third party for $39,900.

The Reddells filed suit for wrongful foreclosure under the Texas Declaratory Judgments Act. In a bench trial, the court found in favor of the Savings and Loan. The Reddells appeal, urging fourteen points of error that attacks the following findings of fact and conclusions of law made by the trial court:

### FINDINGS OF FACT

. . . .

(6.) Plaintiffs had actual knowledge of their rights to reinstate after acceleration and to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

(7.) Plaintiffs waived their contractual right to written notice informing them of their rights to reinstate after acceleration and to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

. . . .

(12.) On August 16, 1983, Attorney Barber, acting in behalf of Defendant, mailed to Plaintiffs by certified mail deposited in the U.S. Mail, Postage Prepaid and addressed to Plaintiffs' designated address, the Substitute Trustee's Notice of Sale admitted into evidence as Plaintiffs' Exhibit No. 6 and the letter admitted into evidence as Defendant's Exhibit No. 4, declaring all sums secured by the Deed of Trust to be immediately due and payable without further demand and invoking the power of sale and other remedies permitted by applicable law.

. . . .

(15.) Defendant gave legal notice of the Substitute Trustee's Sale on August 16, 1983.

. . . .

(19.) The fair market value of the property at the time of the foreclosure sale was $43,000.00.

. . . .

(23.) Plaintiffs incurred no damages by reason of Defendants failure to inform them in the letter of July 12, 1983, of their rights to reinstate after acceleration and to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. (24.) Neither party is entitled to recover attorneys fees.

## CONCLUSIONS OF LAW

(1.) The letter of July 12, 1983, constituted presentment of the note and demand for payment of past due installments and legal notice of Defendant's intent to exercise its option to accelerate maturity of the note.

(2.) Plaintiffs are estopped from asserting a claim for damages by reason of Defendant's failure to inform them in the letter of July 12, 1983, of their rights to reinstate after acceleration and to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

(3.) The letter of August 16, 1983, and the enclosed Notice of Substitute Trustee's Sale constituted legal notice that the debt had been accelerated.

(4.) Defendant gave proper legal notice of the foreclosure sale of September 6, 1983.

(5.) The conduct of the foreclosure sale of September 6, 1983, complied with all requirements of the law.

(6.) The consideration paid for the property at the foreclosure sale was legally sufficient.

(7.) Plaintiffs are not entitled to recover any damages by reason of the foreclosure sale of the property.

 Findings of fact are accorded the same force and dignity as a jury verdict on special issues; when supported by competent evidence, they ordinarily bind an appellate court. *Tindal v. State Dept. of MHMR,* 656 S.W.2d 176 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). When an appellate court has a complete statement of facts, however, challenged findings of fact are not conclusive and binding if manifestly wrong. *De La Fuente v. Home Sav. Ass'n,* 669 S.W.2d 137 (Tex.App.—Corpus Christi 1984, no writ). In this case, findings of fact numbers 6, 7, 12, 15, and 23 are mixed with conclusions of law. Obviously, clearly erroneous conclusions of law are not binding upon an appellate court.

The issue here, as in *Ogden v. Gibraltar Sav. Assn.,* 640 S.W.2d 232 (Tex.1982) is whether the Savings and Loan gave proper notice of acceleration prior to foreclosing under the deed of trust. The deed of trust contained the following provision:

Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

The Savings and Loan, in its brief, candidly admits that the letter of July 12 did not contain language required by the deed of trust. The notice of the intent to accelerate was, therefore, inadequate as a matter. A substitute trustee must comply with the notice provisions of a deed of trust for a foreclosure sale to be valid. *Harwath v. Hudson,* 654 S.W.2d 851 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Strict compliance with those provisions is prerequisite to a trustee's right to sell. *Houston First American Sav. v. Musick,* 650 S.W.2d 764 (Tex.1983). Thus, the trial court erred in

those findings and conclusions which held the notices sufficient.

 Further, damages in a wrongful foreclosure suit are measured by the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness. *Farrell v. Hunt*, 714 S.W.2d 298 (Tex.1986). Therefore, all those findings and conclusions which find no damages are erroneous. The trial court should have entered judgment in favor of the Reddells for the difference between the value of the property ($43,000) and the balance due on the note ($19,962.29) or $23,037.71 plus prejudgment interest.

The matter of awarding attorneys' fees was entirely within the discretion of the trial judge and we find no abuse of discretion in his denial of attorneys' fees to both parties.

The judgment of the trial court is reversed and the cause is remanded for an entry of a judgment consistent with this opinion.

REVERSED AND REMANDED.